

I N T H E

# Court of Appeals of Indiana

Hoagland Family Limited Partnership,
*Appellant-Defendant*

v.

Town of Clear Lake,
*Appellee-Plaintiff*



FILED
Apr 04 2025, 8:51 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

April 4, 2025

Court of Appeals Case No.
24A-PL-239

Appeal from the Steuben Circuit Court

The Honorable William R. Waltz, Special Judge

Trial Court Cause No.
76C01-1006-PL-425

---

**Opinion by Judge May**
Judges Brown and Pyle concur.

**May, Judge.**

[1] Hoagland Family Limited Partnership ("HFLP") appeals several rulings[1] the trial court made during contempt proceedings stemming from the trial court's October 21, 2021, order ("the Connection Order") directing HFLP's general partners, Daniel and Karen Hoagland ("the Hoaglands"), to connect toilet facilities on their properties to the Town of Clear Lake's ("the Town") public sewer system ("the Sewer").

[2] HFLP presents several issues for our review, which we consolidate, revise, and restate as:

---

[1] HFLP's Notice of Appeal indicates HFLP also appeals the following orders:

- December 4, 2023, order denying HFLP's motion to dismiss HFLP for lack of subject matter jurisdiction;

- December 8, 2023, order striking HFLP's motion to disqualify the Town's counsel;

- December 15, 2023, order striking HFLP's Exhibit 2 as part of its response to the Town's motion to strike HFLP's motion to disqualify the Town's counsel; denying HFLP's motion to disqualify the Town's counsel and striking that matter entirely from the record; striking HFLP's Exhibit 9 filed as part of its appeal with cause number 22A-PL-631 because that exhibit was not part of the trial court record; striking Exhibit 13 from HFLP's amended motion to reconsider and/or motion to correct errors and request for new hearing and affidavit of Daniel Hoagland, that the trial court previously ordered stricken on November 2, 2021; denying as moot HFLP's objection and motion to dismiss for failure to comply with a substitution order filed November 17, 2023; denying as moot HFLP's motion to continue filed November 17, 2023; denying HFLP's objection and motion to strike rule to show cause filed December 4, 2023; and denying HFLP's motion to strike the affidavit of the Town's witness Derek Frederick.

- December 21, 2023, order denying HFLP's motion to strike the Town's response to HFLP's brief in opposition to the Town's verified information for rule to show cause; and

- January 18, 2024, order denying HFLP's motion to dismiss for lack of subject matter jurisdiction and striking the remaining allegations in that motion.

Because HFLP has not made arguments concerning these orders in its Appellant's Brief, it has waived our review of any possible issues therein. *See* Ind. App. R. 46(A)(8)(a) (argument must "contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and must be supported by citations to authority, statutes, and the appellate record).

1. Whether the trial court abused its discretion when it denied HFLP's Second Motion to Continue ("Motion to Continue II") the December 4, 2023, Contempt Hearing;

2. Whether the trial court denied HFLP its right to due process by limiting the Contempt Hearing to thirty minutes;

3. Whether the trial court erred when it denied HFLP's Trial Rule 41(B) motion made during the Contempt Hearing;

4. Whether the trial court erred when it found HFLP in contempt of the Connection Order ("Contempt Order II"), specifically

    4.1  Whether the Connection Order was void; and

    4.2  Whether the Town presented sufficient evidence that HFLP willfully disobeyed the Connection Order.

Additionally, the Town argues:

5. The Town is entitled to appellate attorney's fees based on HFLP's repeated unsuccessful collateral attacks on the Connection Order.

We affirm and remand for the trial court to assess appellate attorney's fees.

## Facts and Procedural History

HFLP owns three parcels of real estate in the Town. In 2002, the Town enacted an ordinance that required connection to the Sewer:

> The owners of all houses, buildings or properties used for human occupancy, employment, recreation or other purposes situated within the town and which [sic] the property line is within 300 feet of the sanitary sewer is [sic] required at his or her expense to install suitable toilet facilities therein and to connect such facilities directly with the proper sewer in accordance with the provisions of this chapter.

Clear Lake, Ind., Code of Ordinances § 51.51(A) (2002) ("the 2002 Ordinance"). The Town completed installation of the Sewer in 2005, but HFLP did not connect any toilet facilities on its three parcels of land to the Sewer.

On January 12, 2010, the Town sent notice to HFLP indicating it would commence legal proceedings in ninety days if HFLP did not connect to the Sewer. Ninety days later, the Town filed an action against HFLP alleging it had not connected to the Sewer and should be fined for not doing so. After competing motions for summary judgment, on May 4, 2016, the trial court granted summary judgment to HFLP. The Town appealed, which led to the first in a series of four prior appeals to this Court.

That first appeal – *Town of Clear Lake v. Hoagland Family Limited Partnership* (*Hoagland I*), 75 N.E.3d 1081 (Ind. Ct. App. 2017), *trans. denied* – concerned, in relevant part, the meaning of the word "available" in Indiana Code section 36-9-23-30(b)(1), which permits a municipality to require connection to a public sewer if "there is an available sanitary sewer within three hundred (300) feet of the property." HFLP argued it did not have to begin the process by which it

would attach to the Sewer, such as submitting an application and schematics of the most efficient way to connect to the Sewer, because the Sewer was not "available" for purposes of Indiana Code section 39-9-23-30(b)(1) when the Town had not yet provided a "grinder pump[,]" which was an integral part of the Sewer connection process. *Hoagland I*, 75 N.E.3d at 1087. Our court rejected that argument and held,[2] in relevant part, that even though the Town had not yet provided a grinder pump, connection to the Sewer was "available" for purposes of Indiana Code section 39-9-23-30(b)(1). *Id*. We encouraged the parties to "work together more amicably to achieve" the goal of HFLP's connection to the Sewer. *Id*. at 1089.

[6] While *Hoagland I* was pending, the Town enacted a new ordinance ("the 2017 Ordinance") regarding Sewer connection that required property owners to pay additional fees and complete additional steps before connection. *Hoagland Family Limited Partnership v. Town of Clear Lake* (*Hoagland II*), 131 N.E.3d 731, 739 (Ind. Ct. App. 2019), *trans. denied*. HFLP refused to connect to the Sewer if required to fulfill the requirements of the 2017 Ordinance. *Id*. at 733. The Town sued and argued, in relevant part, that HFLP should be required to connect to the Sewer pursuant to the 2017 ordinance. *Id*. at 734. HFLP argued it should be able to proceed under the 2002 ordinance ("2002 Ordinance"). *Id*. The trial court agreed with the Town and ordered HFLP to connect to the

---

[2] We also decided issues related to the Town's alleged procedural defects and to fees the Town levied for HFLP's refusal to connect to the Sewer, but those issues are not relevant here.

Sewer based on the requirements of the 2017 Ordinance. *Id.* HFLP appealed, arguing it should not be required to connect to the Sewer based on the 2017 Ordinance because that ordinance was not in place at the time the Town filed the original lawsuit in 2010. *Id.* at 738. We reversed[3] the trial court's order because the 2017 Ordinance could not be applied retroactively. *Id.* Nevertheless, we reminded HFLP that it was required to connect to the Sewer pursuant to the 2002 Ordinance. We implored the parties to, on remand, "proceed in good faith through that process so that this issue can finally be laid to rest." *Id.* at 739.

[7] On September 22, 2021, the Town filed a motion asking the trial court to establish a final connection date, as HFLP still had not connected to the Sewer. The trial court scheduled a hearing on the matter for October 19, 2021. On October 8, 2021, HFLP filed a motion to continue the October 19, 2021, hearing because, in part, it claimed it had not received a connection date as required by Indiana Code section 36-9-23-30. On October 13, 2021, the trial court entered an order denying HFLP's motion to continue. In that order, the trial court stated, "the Court, being duly advised in the premises, finds that I.C. § 36-9-23-30 does not require an additional notice to connect beyond that which was given by the Town on January 12, 2010." (App. Vol. III at 50.)

---

[3] We also reversed the trial court's calculation of penalties for HFLP's failure to connect to the Sewer, *Hoagland II*, 131 N.E.3d at 737, and assessment of attorney's fees to the Town. *Id.* at 738. We affirmed the trial court's ruling regarding certain discovery violations. *Id.* at 739.

[8] On October 21, 2021, the trial court entered the Connection Order, which required HFLP to connect to the Sewer by 5:00 p.m. on November 17, 2021. (*Id*. at 84.) On November 19, 2021, HFLP filed a notice of appeal to challenge, among other things, the Connection Order. *Hoagland Family Limited Partnership v. Town of Clear Lake* (*Hoagland III*), No. 21A-PL-2566 (Ind. Ct. App. filed Nov. 19, 2021) (notice of appeal). As part of that appeal, HFLP asked this court to stay the Connection Order pending resolution of the appeal. *Hoagland III*, No. 21A-PL-2566 (Ind. Ct. App. filed Nov. 19, 2021) ("Appellant's Motion to Stay the Enforcement of the Trial Court's October 21, 2021 Order") (original formatting omitted). On December 9, 2021, the Town filed a motion to dismiss HFLP's appeal because the Connection Order was an interlocutory order not subject to interlocutory appeal of right pursuant to Indiana Appellate Rule 14. *Hoagland III*, No. 21A-PL-2566 (Ind. Ct. App. filed Dec. 9, 2021) ("Appellee's Motion to Dismiss Appeal as Moot and for Lack of Jurisdiction") (original formatting omitted). Additionally, the Town argued the issues in the appeal were moot because the Town had the proper equipment for connection in place and HFLP could not be granted relief on appeal. *Id.* On December 10, 2021, we denied HFLP's request for a stay of the Connection Order. *Hoagland III*, No. 21A-PL-2566 (Ind. Ct. App. Dec. 10, 2021) (order denying request to stay). On January 10, 2022, we dismissed HFLP's appeal of the Connection Order. *Hoagland III*, No. 21A-PL-2566 (Ind. Ct. App. Jan. 10, 2021) (order dismissing appeal). On February 7, 2022, HFLP filed a petition for rehearing. We denied HFLP's petition for rehearing on February 28, 2022. *Hoagland III*, No. 21A-PL-2566 (Ind. Ct. App. Feb. 28, 2022) (order denying petition for rehearing).

[9]     While *Hoagland III* was pending, HFLP continued to not comply with the Connection Order.  On January 12, 2022, the Town filed a verified motion for rule to show cause to require HFLP to demonstrate to the trial court why it should not be held in contempt of the Connection Order.  *Hoagland Family Limited Partnership v. Town of Clear Lake* (*Hoagland IV*), 22A-PL-631, 2023 WL 2609638 at *2 (Ind. Ct. App. March 23, 2023) (mem.), *trans. denied*.  On February 8, 2022, the trial court held a hearing on the matter.  On February 18, 2022,[4] the trial court issued an order ("Contempt Order I") finding HFLP "willfully failed and refused to comply" with the Connection Order and held HFLP in contempt.  *Id* at 3.  The trial court ordered HFLP to comply with the Connection Order by March 10, 2022, at 5:00 p.m. and assessed a $19,920 fine – "$80 for each Parcel for the eighty-three days HFLP was in contempt – to be subject to remission should [HFLP] successfully comply with the Connection Order."  *Id* at 3.

[10]    HFLP appealed Contempt Order I, as well as several other related orders including, as is relevant here, the Connection Order.  *Id* at 4.  On April 8, 2022, the Town filed a motion to dismiss HFLP's appeal because all the orders were interlocutory and not appealable under any of the provisions of Appellate Rule 14.  *Id*. at *3 n.1.  We granted the Town's motion to dismiss HFLP's appeal of some of the orders, including the Connection Order.  *Id*.  We ordered that

---

[4] The trial court amended this order on February 25, 2022, but the amendment did not change its decision that HFLP was in contempt for failure to comply with the Connection Order.

HFLP could appeal only Contempt Order I. *Id*. Ultimately, we held the trial court had not abused its discretion when, in Contempt Order I, it found HFLP in contempt for failure to comply with the Connection Order. *Id*. at *5.

[11] On October 3, 2023, following *Hoagland IV*, the trial court held a telephonic conference to schedule a new date by which HFLP would be required to connect to the Sewer. During that hearing, HFLP's counsel admitted "my clients did not connect" to the Sewer. (App. Vol. VII at 224.)

[12] On October 20, 2023, the Town filed a second motion for rule to show cause asking the trial court to hold a hearing to determine if HFLP was in contempt for failure to comply with the Connection Order. In that request, the Town asked the trial court to require HFLP to pay "$1,500 per day ($500 per day for each of HFLP's 3 properties) . . .until HFLP complies with the Connection Order." (App. Vol. V at 83.) Further, the Town requested, "in the event that the monetary fines do not provide the adequate incentive for HFLP to comply with the Connection order[,]" the trial court require "Daniel and/or Karen Hoagland[] be remanded to the Steuben County Sheriff to be imprisoned for a period of time not to exceed sixty (60) days should they fail to cause HFLP to comply with the Connection Order within thirty (30) days of the Court's ruling on this motion." (*Id*.)

[13] The trial court scheduled a hearing on the rule to show cause motion for December 4, 2023 ("Contempt Hearing"). The trial court scheduled the hearing to last thirty minutes. On November 17, 2023, HFLP filed a motion to

continue ("Motion to Continue I") the Contempt Hearing because Daniel Hoagland had an appointment with a doctor that "is based out of Saint Lois [sic], Missouri and only visits Indiana on a limited basis" and any delay in that appointment would "adversely impair his health and wellbeing, and the effectiveness of his initial stem cell treatment." (*Id.* at 100.) On November 21, 2023, the Town's counsel, Bill D. Eberhard, Jr., asked the trial court to allow him to attend the Contempt Hearing via Zoom because he was undergoing "intensive occupational therapy" and would not be in Indiana until after the hearing. (*Id.* at 103.) The trial court granted the Town's motion to appear via Zoom.

[14] On November 17, 2023, HFLP also filed an "Objection and Motion to Dismiss the Town's Verified Information for Rule to Show Cause because Daniel Hoagland and Karen Hoagland are not Parties" ("Motion to Dismiss I"). (*Id.* at 95) (original formatting omitted). On November 27, 2023, the Town filed its response and objection, in which it argued the Hoaglands were listed "[a]s general partners of HFLP who control the partnership and are officially responsible for the conduct of HFLP[.]" (*Id.* at 122.) The Town also filed an objection to Motion to Continue I because Karen Hoagland, as the other general partner of HFLP, could appear at the Contempt Hearing and explain why HFLP had not yet attached to the Sewer.

[15] Also on November 27, 2023, HFLP filed a second motion to continue ("Motion to Continue II") indicating one of HFLP's attorneys, Michael H. Michmerhuizen, was scheduled to undergo heart surgery on November 28,

2023, and would be unable to attend the Contempt Hearing. On November 28, 2023, the Town filed an objection to Motion to Continue II, in which the Town noted Michmerhuizen was not trial counsel but appellate counsel, had attended only one prior hearing, and had played a limited role in the matter before the trial court. Based on those facts, the Town argued Michmerhuizen's absence at the Contempt Hearing would not impair the ability of HFLP to offer evidence to explain its noncompliance with the Connection Order. On November 29, 2023, the trial court denied HFLP's Motion to Continue II.

[16] On November 30, 2023, HFLP filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" ("Motion to Dismiss II"), (*id*. at 173) (original formatting omitted), in which HFLP again asserted the Hoaglands were not parties to the underlying action. Also on November 30, 2023, the trial court denied Motion to Continue I. On December 1, 2023, the Town filed its objection to Motion to Dismiss II because HFLP's argument was "repetitive and subject to dismissal under T.R. 53.4"[5] because it had been argued in a HFLP's motion to dismiss as a part of the trial court proceedings in *Hoagland IV*, as well as Motion to Dismiss I. (*Id*. at 174.)

[17] On December 4, 2023, the trial court held the Contempt Hearing as scheduled. The Town did not present evidence but asked the trial court to take judicial

---

[5] Trial Rule 53.4 states, in relevant part, "No hearing shall be required upon a repetitive motion . . . . Such a motion by any party . . . shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceeding under these rules."

notice of several prior case materials, including the transcript of the October 3, 2023, telephonic status conference. At the end of the Town's presentation, HFLP asked the trial court to dismiss the matter based on Trial Rule 41(B)[6] and argued the Town had not proved HFLP had not connected to the Sewer. The trial court denied HFLP's motion to dismiss pursuant to Trial Rule 41(B). As part of HFLP's presentation of evidence, Daniel Hoagland testified "[t]he [HFLP] properties are not connected [to the Town's sewer system] yet." (Tr. Vol. II at 31.) Daniel Hoagland testified at length about why HFLP had not connected, including allegations that the Town's plumbing contractor was not licensed, that the Town had "not installed the requisite air release valves[,]" and that he had concerns as to whether the system would work properly. (*Id.* at 24.) Counsel for HFLP and the Town had the opportunity to examine and cross-examine Daniel Hoagland and make arguments.

[18]     On December 28, 2023, the trial court issued its order ("Contempt Order II") regarding the Town's verified information for rule to show cause. It found, in relevant part:

> 9. That HFLP has not connected to the Town's sewer system and remains in contempt of the Connection Order.
>
> 10. That Daniel Hoagland and Karen [Hoagland] are, and were at all relevant times, the general partners of HFLP with the

---

[6] Trial Rule 41(B) provides that, in a action tried by the court without a jury, after the party with the burden of proof has presented evidence, the opposing party may ask the trial court to dismiss because the party with the burden of proof has "shown no right to relief."

authority to direct the actions of HFLP and are, therefore, responsible for the affairs of HFLP as a matter of law.

11. That Daniel Hoagland and Karen Hoagland had personal knowledge of both the Connection Order and the [February 18, 2022] Contempt Order and, notwithstanding their knowledge and authority, Daniel Hoagland and Karen Hoagland have failed to take appropriate action within their power as general partners of HFLP to require HFLP to comply with the Connection Order.

(App. Vol. II at 75-6.) Based thereon, the trial court concluded, "Daniel Hoagland and Karen Hoagland are guilty of willful disobedience and subject to punishment by this Court for their contempt." (*Id*. at 76.) After concluding the Hoaglands were in contempt, the trial court ordered:

13. That not later than January 26th, 2024 at 5:00 p.m., general partners Daniel Hoagland and Karen Hoagland, shall take all necessary action to complete connection of HFLP's three (3) properties to the Town's sewage collection system, and to discontinue the use of all septic systems serving HFLP's properties [addresses of properties] in accordance with Ind. Code § 36-9-23-30(a), the Town's ordinances, and 410 Indiana Administrative Code 6-8.3-90[7];

14. That unless compliance with this Court's Orders occurs, a reasonable fine shall be assessed against HFLP for its continuing contempt of court at a rate of $120.00 per day for each of its three (3) properties, which shall commence the day following the last date for compliance with the requirements of paragraph thirteen (13) of this Order, and shall continue until such time as HFLP

---

[7] 410 Ind. Admin. Code § 6-8.3-90 governs the abandonment of an on-site sewage system.

completes connection to the Town's sewage collection system and properly discontinues use of the septic systems for each property, in compliance with this Order[;]

15. That if compliance with the requirements of paragraph thirteen (13) of this Order has not been satisfied, general partner Daniel Hoagland shall be remanded to the custody of the Steuben Count[y] Sheriff to be confined at the Steuben County Jail for a period of sixty (60) days, or until the connections to the Town's sewage collection system, and discontinuance of the septic system have been satisfied, whichever is earlier.

(*Id*. at 76-7) (footnote added).

## Discussion and Decision

### 1. Denial of Motion to Continue II

HFLP argues the trial court abused its discretion when it denied Motion to Continue II, which sought to delay the contempt hearing because one of HFLP's attorneys, Michmerhuizen, was unavailable. The decision to grant or deny a continuance rests within the sound discretion of the trial court. *Troyer v. Troyer,* 867 N.E.2d 216, 219 (Ind. Ct. App. 2007) (citing *Thompson v. Thompson*, 811 N.E.2d 888, 907 (Ind. Ct. App. 2004), *trans. denied.*). We will reverse the court's decision only for an abuse of that discretion. *Id*. An abuse of discretion occurs when the party requesting the continuance has shown good cause for granting the motion, but the trial court denies it. *Id*. No abuse of discretion will be found when the moving party is not prejudiced by the denial of its motion. *Id*. In addition, courts find no abuse of discretion in denying a

continuance when the record reveals, among other things, "dilatory tactics on the part of the movant designed to delay coming to trial." *J.P. v. G.M.*, 14 N.E.3d 786, 790 (Ind. Ct. App. 2014).

[20] HFLP contends it was prejudiced by the trial court's denial of Motion to Continue II, as Michmerhuizen had been "intimately involved" in the contempt proceedings and on appeal. (Br. of Appellant at 34.) HFLP cites *Smith v. Smith*, 136 N.E.3d 656 (Ind. Ct. App. 2019), in support of its argument that it was prejudiced by the denial of Motion to Continue II. In *Smith*, the husband's counsel filed a motion to withdraw on March 4, 2019, because the husband fired him. *Id*. at 657. The trial court granted counsel's motion to withdraw the same day but held the dissolution hearing the next day. *Id*. The husband appeared at the hearing pro se and asked the trial court to continue the hearing so that he could retain new counsel. The husband also explained at length the breakdown in communication between him and his attorney that had resulted in his decision to fire the attorney. *Id*. The trial court denied the husband's motion to continue and held the hearing. *Id*.

[21] On appeal, the husband argued the trial court abused its discretion when it did not grant his motion to continue because he demonstrated good cause for his motion. *Id*. at 659. We agreed and cited four specific circumstances justifying reversal. *Id*. First, there was no evidence the husband's motion to continue was intended to delay the proceedings – in fact, he had stated "he hoped the dissolution proceeding would be completed quickly." *Id*. Second, there had been only four months between the date the dissolution petition was filed and

the date of the dissolution hearing, and there had been no prior motions to continue. *Id.* Third, the husband had undergone surgery approximately two weeks before the hearing and his attorney had not yet provided him with the documents to proceed with the dissolution hearing. *Id.* Fourth, although the husband fired his attorney, the husband had not been provided a ten-day notice of his attorney's withdrawal as required by the Marion County Local Trial Rules. *Id.* Based thereon, we held the trial court abused its discretion when it denied the husband's motion to continue because doing so prejudiced the husband. *Id.* at 660.

[22] *Smith* does not apply here. Significantly, HFLP had counsel at the Contempt Hearing and that counsel was well versed in the matters before the trial court, as he had been counsel for HFLP since 2011. Motion to Continue II was the second motion to continue HFLP had filed during this portion of the proceedings and HFLP had filed several other motions, including two motions to dismiss, seemingly in an effort to delay the Contempt Hearing. Motion to Continue II was just the latest of a long list of motions to continue or extend the time frame for the submission of documents in this matter, which had been pending at the time for over thirteen years and included four appeals in which multiple extensions of time to file documents were also granted. Further, as the Town noted, Michmerhuizen was appellate counsel, not trial counsel. HFLP, despite its assertions, does not direct us to a portion of the record indicating in what capacity Michmerhuizen participated in the earlier contempt hearing or how he contributed to the presentation of evidence or argument. Finally,

HFLP's counsel at the Contempt Hearing, Jonathan Cress, was able to provide argument and conduct examination of Daniel Hoagland, the sole witness at the Contempt Hearing. Based thereon, we conclude the trial court did not abuse its discretion when it denied Motion to Continue II because HFLP did not demonstrate good cause for granting the motion or prejudice stemming from the denial of it. *See*, *e.g.*, *Matter of N.K.*, 249 N.E.3d 607, 616 (Ind. Ct. App. 2024) (trial court did not abuse its discretion when it denied a mother's motion to continue because the mother had filed multiple motions to continue during the case, which had been pending for fifteen months, and the mother was permitted to introduce evidence and examine witnesses at the hearing).

## 2. Due Process

[23] HFLP argues the trial court violated its right to due process when it limited the Contempt Hearing to thirty minutes. "Whether a party was denied due process is a question of law that we review de novo." *Wolf Lake Pub, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 930 N.E.2d 1138, 1141 (Ind. Ct. App. 2010). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Groth v. Pence*, 67 N.E.3d 1104, 1117 (Ind. Ct. App. 2017), *trans. denied*, (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976).

[24] The trial court scheduled the Contempt Hearing for thirty minutes – three minutes for each party to make argument and twelve minutes for each party to present evidence. HFLP contends that the limited timeframe violated its right

to due process because "[t]hirty minutes was not sufficient given the potentially conflicting evidence, the Town's multiple lawyers, the long and tortured history of this case, and the fact that this was the first hearing where Daniel and Karen Hoagland, individually, were ordered to appear and subjected to penalties." (Br. of Appellant at 31.) HFLP claims there was "no reason" why the trial court could not have held a longer hearing considering the circumstances. (*Id.* at 33.) We disagree.

The trial court was well aware of the history of the case. Judge William R. Walz was appointed as special judge by our Indiana Supreme Court on February 11, 2020, and issued his first order in the case on January 7, 2021. From that date to the Contempt Hearing, the parties had filed almost one hundred motions and Judge Walz had issued approximately twenty orders in the case. To say Judge Walz is familiar with the case is an understatement.

Further, the issue before the trial court was whether HFLP had failed to comply with the Connection Order, and, if not, whether it had failed willfully. Daniel Hoagland[8] testified on HFLP's behalf and his own behalf about the reasons why HFLP had not complied with the Connection Order and his role in those decisions. The Town was subject to the same time limit as HFLP, during which it could make arguments and present evidence regarding not only the

---

[8] HFLP asserts the Contempt Hearing also did not comport with due process because Karen Hoagland did not testify, but HFLP does not indicate why her testimony was necessary for HFLP to have received due process.

reasons for asking the trial court to find HFLP in contempt, but also its reasons for suggesting certain sanctions, such as jail time, for the Hoaglands. HLFP was given a full and fair opportunity to present evidence and testimony on a simple issue – why it had not complied with the Connection Order. HFLP has not suggested how a longer hearing would cure any alleged prejudice. Based thereon, we conclude the trial court's time limitation of thirty minutes for the Contempt Hearing did not violate HFLP's right to due process. *See*, *e.g.*, *Jones v. Hous. Auth. of City of South Bend*, 915 N.E.2d 490, 497 (Ind. Ct. App. 2009) (no due process violation when appellant did not demonstrate prejudice and was given an opportunity to present argument during hearing), *reh'g denied*, *trans. denied*.

### 3. Trial Rule 41(B) Motion

[27] HFLP contends the trial court erred when it denied the Trial Rule 41(B) motion to dismiss that was filed during the Contempt Hearing. Pursuant to Rule 41(B):

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

When reviewing the trial court's decision to grant or deny a Rule 41(B) motion, we consider whether the trial court's decision was clearly erroneous. *5200*

*Keystone Ltd. Realty, LLC v. Filmcraft Laboratories, Inc.*, 30 N.E.3d 5, 13 (Ind. Ct. App. 2015). In this review, we will not reweigh the evidence or judge the credibility of witnesses. *Id*. We will reverse the trial court's decision only if the evidence does not conflict and points to a conclusion different than that of the trial court. *Id*.

[28] To be found in contempt, a person must willfully disobey a lawful order of the trial court. Ind. Code § 34-47-3-1. In its second motion for rule to show cause filed on October 20, 2023, the Town alleged HFLP did not comply with the Connection Order, which required HFLP to attach to the Sewer by 5:00 p.m. on November 17, 2021. At the Contempt Hearing, the Town argued the trial court should take judicial notice of the October 3, 2023, hearing, during which HFLP's counsel admitted HFLP had not connected to the Sewer.

[29] As HFLP was required under the Connection Order to connect to the Sewer by November 17, 2021, at 5:00 p.m. and it had not connected to the Sewer as of October 2, 2023, we conclude the Town presented sufficient evidence that HFLP violated the Connection Order to survive a motion to dismiss pursuant to Trial Rule 41(B). *See*, *e.g.*, *Neibert v. Perdomo*, 54 N.E.3d 1046, 1054 (Ind. Ct. App. 2016) (trial court erred when it granted Appellee's motion to dismiss pursuant to Trial Rule 41(B) because Appellant had presented sufficient evidence to survive involuntary dismissal of his claims).

## 4. Contempt

[30] HFLP challenges Contempt Order II. A person is guilty of indirect contempt when he commits "any willful disobedience" of a lawfully issued court order. Ind. Code § 34-47-3-1. "Contempt of court involves disobedience of a court which undermines the court's authority, justice, and dignity." *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 60 (Ind. Ct. App. 2002), *trans. denied,* (quoting *Carter v. Johnson*, 745 N.E.2d 237, 240 (Ind. Ct. App. 2001)). Indirect contempt proceedings are for the benefit of the party who has been injured or damaged by the failure of another party to conform to a court order. *P.S. v. T.W.*, 80 N.E.3d 253, 256 (Ind. Ct. App. 2017).

[31] "Whether a person is in contempt of a court order is a matter left to the trial court's discretion." *Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind. Ct. App. 2003) (quoting *Evans v. Evans*, 766 N.E.2d 1240, 1243 (Ind. Ct. App. 2002)). We will reverse only where an abuse of discretion has been shown. *Mitchell*, 785 N.E.2d at 1198. An abuse of discretion occurs when the trial court's decision is "against the logic and effect of the facts and circumstances before it." *Id*. When we review a ruling on a petition for contempt, "we neither reweigh the evidence nor judge the credibility of witnesses." *Id*. (quoting *MacIntosh v. MacIntosh*, 749 N.E.2d 626, 629 (Ind. Ct. App. 2001), *trans. denied*.) In challenging Contempt Order II, HFLP argues: (1) the connection order is void; and (2) the Town did not prove HFLP willfully disobeyed the trial court's Connection Order.

### 4.1. Void Order

[32] HFLP asserts it cannot be found in contempt for disobeying the Connection Order because the Connection Order is void. "Collateral attack of a previous order is allowed in a contempt proceeding only if the trial court lacked subject matter or personal jurisdiction to enter the order." *Wagler v. West Boggs Sewer Dist., Inc.*, 29 N.E.3d 170, 174 (Ind. Ct. App. 2015) (citing *Martin v. Martin*, 771 N.E.2d 650, 653 (Ind. Ct. App. 2002).

> Although a defendant cannot be held in contempt of a void order, a defendant may be held in contempt of an erroneous order. . . . Accordingly, a defendant may not challenge a contempt finding based upon the prior order's non-jurisdictional irregularities. A party must follow an erroneous order. The only remedy from an erroneous order is appeal and disobedience thereto is contempt.

*City of Gary v. Major*, 822 N.E.2d 165, 169-70 (Ind. 2005) (quoting *Carson v. Ross*, 509 N.E.2d 239, 243 (Ind. Ct. App. 1987), *trans. denied*).

[33] HFLP is aware of this rule of law, as it attempted to challenge the validity of the Connection order in *Hoagland IV*, 2023 WL 2609638 at *1. In that case, HFLP argued it could not be held in contempt of the Connection Order because, during the contempt hearing, Daniel Hoagland testified HFLP had not yet connected to the Sewer because he "had concerns about the Town's preparedness for connection[.]" *Id*. at *4. We held HFLP's argument was a collateral attack on the correctness of the Connection Order, which HFLP

could not launch based on "non-jurisdictional irregularities[.]" *Id*. (quoting *City of Gary*, 822 N.E.2d at 169-70.

[34] In this appeal, HFLP argues the Connection Order is void due to what HFLP alleges is a jurisdictional irregularity created by the Town's alleged failure to comply with Indiana Code section 36-9-23-30. That statute requires a town to give notice "by certified mail to the property owner at the address of the property, at least ninety (90) days before the date specified for connection in the notice[,]" Ind. Code § 36-9-23-30(b)(2), before a Town may ask a court "for an order to require a connection under this section." Ind. Code § 36-9-23-30(d). HFLP claims the Town did not provide the ninety-day notice and that, therefore, "the [t]rial [c]ourt acquired no authority to order a connection." (Br. of Appellant at 46.)

[35] Even assuming for the sake of argument that a town's failure to provide the ninety-day notice prior to requesting court assistance creates a jurisdictional defect that would make a trial court's connection order void, HFLP's argument is completely without merit. On January 12, 2010, the Town sent notice ("2010 Notice") to HFLP indicating that if HFLP did not connect its three parcels to the Sewer within ninety days the Town "may subject the [HFLP] to fines, court costs and attorney fees as allowed by Indiana Code and the Town of Clear Lake Ordinances." (App. Vol. II at 147.) HFLP argues that 2010 Notice did not satisfy the ninety-day notice requirement in Indiana Code section 36-9-23-30 because it did not indicate a specific date by which HFLP was to be connected to the Sewer. However, that letter did indicate a specific date – ninety days

from January 12, 2010, which reference to a calendar and simple counting indicates was April 12, 2010 – and HFLP's insistence otherwise is disingenuous and utterly without merit.

## 4.2. Willful Disobedience

[36]    HFLP also argues the trial court abused its discretion when it entered Contempt Order II because, while HFLP did not connect to the Sewer as ordered, its failure was not "willful" as required to find contempt under Indiana Code section 34-47-3-1. "Willful disobedience of any lawfully entered court order of which the offender had notice is indirect contempt." *Francies v. Francies*, 759 N.E.2d 1106, 1118-9 (Ind. Ct. App. 2001), *reh'g denied*, *trans. denied*, (citing *Meyer v. Wolvos*, 707 N.E.2d 1029, 1031 (Ind. Ct. App. 1999), *trans. denied*.) "Crucial to the determination of contempt is the evaluation of a person's state of mind, that is, whether the alleged contemptuous conduct was done willfully." *Steele-Giri v. Steele*, 51 N.E.3d 119, 129 (Ind. 2016) (quoting *Witt v. Jay Petroleum, Inc.*, 964 N.E.2d 198, 202 (Ind. 2012)).

[37]    At the Contempt Hearing, Daniel Hoagland admitted HFLP had not connected to the Sewer, but he argued HFLP had been prevented from connecting by the Town's actions or inaction. Daniel Hoagland claimed the Town had yet to issue permits for the processes needed to connect to the Sewer despite the fact HFLP had submitted the relevant applications and the Town had not provided HFLP with "the same equipment in which they provided [other] individuals" to connect to the Sewer. (Tr. Vol. II at 22.) HFLP provided no evidence to

support Daniel Hoagland's assertions.[9]  Twenty years have passed since the Sewer was completed, and fifteen years have passed since the Town gave HFLP ninety-day notice of the obligation to connect.  The evidence supports the trial court's determination that HFLP's failure to connect was willful.

## 5. Attorney's Fees

[38]  The Town asks that we assess sanctions for HFLP's "repeated misuse of the appellate process."  (Br. of Appellee at 37.)  The Town notes HFLP continues to attack the Connection Order despite our rejection of those attempts in *Hoagland III* and *Hoagland IV*.  Under Indiana Appellate Rule 66(E), we may "assess damages if an appeal . . . is frivolous or in bad faith."  These damages "shall be at the Court's discretion and may include attorneys' fees."  *Id*.  If we determine fees are warranted, we must remand to the trial court for imposition of those sanctions.  *Id*.  We exercise this power to award appellate attorney fees "with extreme restraint" because of its "potential chilling effect on the exercise of the right to appeal."  *Bessolo v. Rosario*, 966 N.E.2d 725, 734 (Ind. Ct. App. 2012), *trans. denied*, (citing *Harness v. Schmitt,* 924 N.E.2d 162, 168 (2010)).  We will award appellate attorney fees only "against an appellant who in bad faith maintains a wholly frivolous appeal."  *Harness,* 924 N.E.2d 162 *at* 168, (citing

---

[9] Moreover, Daniel's testimony regarding equipment inequality is similar to that given as part of his defense to the contempt finding that was the subject of *Hoagland IV*.  In *Hoagland IV*, we rejected HFLP's argument that alleged equipment inequality supported HFLP's assertion that their lack of compliance with the Connection Order was not willful.  *Hoagland IV,* 2023 WL 2609638 at *4.  To the extent HFLP asserts similar issues herein, we reject those arguments as res judicata.

*Wallace v. Rosen*, 765 N.E.2d 192, 201 (Ind. Ct. App. 2002)). "A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious." *Harness*, 924 N.E.2d 162 at 168, (citing *Indiana CPA Society, Inc. v. GoMembers, Inc.*, 777 N.E.2d 747, 753 (Ind. Ct. App. 2002). One such example is when an "appellant's contentions and arguments are utterly devoid of all plausibility." *Tioga Pines Living Center, Inc. v. Indiana Family & Social Serv. Admin.*, 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001). "When an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay," our discretion under App. Rule 66(E) is to award appellate attorney fees. *Poulard v. Laporte Cnty. Election Bd.*, 922 N.E.2d 734, 737 (Ind. Ct. App. 2010).

[39] Here, HFLP has attempted to challenge the validity of the Connection Order three times – in *Hoagland III*, *Hoagland IV*, and herein. Those challenges have spanned three years – three years during which HFLP should have followed the Connection Order. Each time HFLP has attempted to challenge the Connection Order, either directly like in *Hoagland III* or collaterally through an appeal of a contempt finding like in *Hoagland IV* and herein, we have rejected their attempt.

[40] We find HFLP's most recent challenge to the Connection Order to be the most meritless and frivolous attempt to prolong this case. In this appeal, HFLP advanced an argument that had been rejected in an earlier appeal and various court orders. This attack on the Connection Order was made in bad faith and it

was a waste of judicial resources for us to have to consider and analyze it. Based thereon, we conclude it is appropriate to require HFLP to pay the Town's appellate attorney's fees, in an amount determined by the trial court on remand. *See, e.g.*, *Kozlowski v. Lake Cnty. Plan Comm'n*, 927 N.E.2d 404, 413 (Ind. Ct. App. 2010) (defendants were entitled to appellate attorney fees when the plaintiff "simply continued to raise issues without merit" after previous appeals were unsuccessful), *trans. denied*. *See also* Ind. Code § 36-9-23-30(d) ("The court shall assess the cost of the action and reasonable attorney's fees of the municipality against the property owner in such an action.").

## Conclusion

[41] We hold the trial court did not abuse its discretion when it denied Motion to Continue II. Additionally, we conclude HFLP was not denied due process when the trial court limited the Contempt Hearing to thirty minutes. Further, the trial court did not err when it denied HFLP's motion to dismiss pursuant to Indiana Trial Rule 41(B). Regarding Contempt Order II, the Connection Order is not void and the Town presented sufficient evidence to prove that HFLP willfully disobeyed the Connection Order. Finally, we remand for the trial court to order HFLP to pay the Town's attorney's fees based on HFLP's frivolous, bad faith, and meritless attempts to attack Contempt Order II. We affirm and remand.

[42] Affirmed and remanded.

Brown, J., and Pyle, J., concur.

ATTORNEY FOR APPELLANT

Michael H. Michmerhuizen
Barrett McNagny LLP
Fort Wayne, Indiana


ATTORNEYS FOR APPELLEE

Mark J. Crandley
Barnes & Thornburg, LLP
Indianapolis, Indiana

David K. Hawk
Hawk Haynie Kammeyer & Smith LLP
Fort Wayne, Indiana